NATIONAL LABOR RELATIONS
BOARD, Petitioner (Hinote Electric
Company—Employer)

v.

LOCAL 450, INTERNATIONAL UNION
OF OPERATING ENGINEERS,
AFL-CIO, Respondent.

No. 17840.

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1960.

Rehearing Denied April 14, 1960.

Melvin J. Welles, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stuart Rothman, Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

Warner F. Brock, Houston, Tex., for respondent.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This is a companion case with the two others between the Board and this Union, Nos. 17,789, 5 Cir., 275 F.2d 408 and 17,800, 5 Cir., 275 F.2d 413. On a record which amply supports the finding of the Board that respondent engaged in the unfair labor practice proscribed by Section 8(b) (4) (D) of the Act, 29 U.S.C.A. § 158(b) (4) (D), the respondent strongly urges here two principal defenses to the granting of enforcement. The first, with which we have dealt fully heretofore in 17,789, is that the Board did not comply with the requirements of the statute in making its determination of the dispute required by Section 10(k), 29 U.S.C.A. § 160(k). What we have heretofore said in this respect need not be repeated here. We think the Board's determination in the 10(k) hearing that Hinote Electric Company was not in contravention of an order or certification of the Board, and that respondent had no contract with Hinote that bound Hinote to assign the disputed work to its members was a

satisfaction of the requirement of Section 10(k) that the Board "determine the dispute out of which such unfair labor practice" arose.

The second contention urged here is that the Board was prohibited from determining the dispute because the proof offered at the 10(k) hearing required a finding that the dispute had been voluntarily adjusted; or in the alternative, if such finding was not required, then the Board erred in not permitting respondent to offer additional evidence in the complaint proceeding of such voluntary adjustment.

There was ample basis for the finding that there had been no voluntary adjustment. As to the relevance of such finding of voluntary adjustment, Section 10(k) provides as follows:

"Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4) (D) of section 8(b), the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute. Upon compliance by the parties to the dispute with the decision of the Board or upon such voluntary adjustment of the dispute, such charge shall be dismissed."

It is thus clear that the statute requires that evidence of an adjustment must be submitted *before* the Section 10(k) hearing. This evidence, under the Board's rules [1] provides for submission of such evidence to the Regional Director. His findings are, of course, reviewable, and if found not to be supported by substantial evidence must be

set aside by the Board. Nevertheless, the statute does not contemplate the submission of evidence on the issue of voluntary adjustment *after* the Regional Director's determination. The Board was not required to open up this matter de novo at the complaint hearing. We agree with the Board that this rule of the Board is analogous to the rule that the Board is not required to relitigate in unfair labor practice proceedings determinations made in representation proceedings. Cf. Pittsburgh Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 158, 161, 61 S.Ct. 908, 85 L.Ed. 1251.

We conclude that neither contention here made is a defense to the petition for enforcement of the Board's order.

Order enforced.

CAMERON, Circuit Judge, concurring in part and dissenting in part.

---

[1] "Sec. 107.72. Adjustments of dispute; withdrawal of notice of hearing.—If, within 10 days after service of the notice of hearing, the parties submit to the regional director satisfactory evidence that they have adjusted or agreed upon methods of voluntary adjustment of the dispute, the regional director shall withdraw the notice of hearing and shall dismiss the charge * * *."